UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TOMMIE HAMMOND,

                                        Plaintiff,

                                                                    DECISION AND ORDER

                                                                    06-CV-6365L

                    v.

JOSEPH BRADLEY, WILLIAM BESNER,
JEFFREY CARLEY, Correction Officers, and
LELAND PARISH, Sergeant, New York State
Department of Correctional Services, et al.,

                                        Defendants.
_____

    This Court referred pre-trial motions (except for dispositive ones) and supervision of

discovery in this matter to United States Magistrate Judge Jonathan W. Feldman pursuant to 28

U.S.C. § 636. On December 17, 2007, Magistrate Judge Feldman granted plaintiff's motion seeking

certain medical records of two individual defendants, and ordered that the records be produced for

the Court's *in camera* review. The Court would determine their relevance and facilitate production

of the records to the plaintiff (Dkt. #29).

    Defendants have timely appealed Magistrate Judge Feldman's December 17, 2007 Order.

Specifically, defendants object to the Order insofar as it contemplates production of the subject

medical records to plaintiff in the even that the Court, upon *in camera* review, determines that they

are relevant to this litigation.

    For the reasons that follow, that Order (Dkt. #29) is affirmed.

## DISCUSSION

The parties may appeal a decision of a Magistrate Judge to the District Court who may reconsider the order if it is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(A).  I have reviewed Magistrate Judge Feldman's thorough December 18, 2007 Decision and Order and the submissions upon which it was based.[1]

There is no basis to conclude that the Order requiring defendants to produce certain medical records for *in camera* review and potential production to plaintiff is clearly erroneous or contrary to law.  The underlying action arises out of a physical altercation that occurred on July 25, 2003 between plaintiff, an inmate confined to the Five Points Correctional Facility, and two of the defendants, Messrs. Bradley and Besner, who were employed as corrections officers.  Following the altercation, Bradley and Besner prepared incident reports which alleged that plaintiff had possessed a razor blade, assaulted them and caused physical injuries which required medical treatment. Plaintiff brought the instant action pursuant to 42 U.S.C. §1983 alleging that the officers violated his Eighth and Fourteenth Amendment rights during the confrontation, and filed false reports to justify their use of force against him.

Plaintiff now seeks to obtain the records reflecting any medical treatment sought or received by Bradley and Besner for the specific injuries alleged in their incident reports.  As Magistrate Judge Feldman concluded, plaintiff's request is narrowly limited to treatment of the injuries alleged by the

---

[1] Defendants have also submitted a portion of the requested medical records for this Court's review.  Because these records were not part of the record before Magistrate Judge Feldman prior to the December 18, 2007 Order and have no bearing on the propriety of that Order, I do not consider them here.

officers to have been sustained in the July 25, 2003 altercation.   Notwithstanding the fact that defendants have not raised their alleged injuries as part of their defense, evidence concerning those injuries is highly probative with respect to plaintiff's case in chief, which alleges that the officers' written reports were entirely fabricated, and could potentially be used to impeach the officers' testimony at trial.  As such, its value  outweighs the defendants' individual privacy interests in those particular medical records, and any danger that superfluous or irrelevant records might be produced will be obviated by  Magistrate Judge Feldman's *in camera* review.


## CONCLUSION

Defendants' objections (Dkt. #30) to Magistrate Judge Feldman's Decision and Order of December 17, 2007, (Dkt. # 29) are denied, and I hereby affirm his decision compelling production of the subject medical records for *in camera* review and, if he deems them relevant, production to plaintiff.

Consistent with his order, defendants are directed to promptly secure all necessary authorizations for the release of the requested medical records, and to produce those records to Magistrate Judge Feldman for review and potential production to plaintiff.  I leave it to Magistrate Judge Feldman to determine if disclosure of the records should be limited to plaintiff's counsel only.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       January 10, 2008.

- 3 -