UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TOMMIE HAMMOND,

                Plaintiff,

                                                      <u>DECISION AND ORDER</u>

                                                      06-CV-6365L

                v.

CORRECTION OFFICER JOSEPH BRADLEY,
et al.,

                Defendants.
_____

      Plaintiff Tommie Hammond, represented by counsel, commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), has sued three correction officers and a DOCS sergeant, alleging that they assaulted him on July 25, 2003 at Five Points Correctional Facility, in violation of plaintiff's rights under the Eighth Amendment to the United States Constitution.

      Defendants have moved for judgment on the pleadings dismissing certain claims, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Specifically, defendants ask the Court to dismiss plaintiff's claim alleging that defendants filed a false misbehavior report against him, as well as plaintiff's substantive due process claim. *See* Declaration of Emil J. Bove, Jr. (Dkt. #23) ¶ 4.

      In response, plaintiff's attorney states that plaintiff has not asserted any such claims. *See* Declaration of Brendan O'Donnell (Dkt. #26) ¶¶ 5, 6. Plaintiff has *alleged* that defendants filed a false misbehavior report against him, but that allegation is only intended to show that defendants attempted to cover up their misdeeds, which might tend to show some consciousness of guilt on their

part. *See Delaney v. Bartee*, ___ F.3d ___, 2008 WL 921683 (1st Cir. 2008) (noting that jury at habeas petitioner's criminal trial "heard extensive evidence ... that Delaney actively engaged in a cover-up after the assault, which was relevant to the guilty conscience issue").

Plaintiff also disavows any intention to plead a substantive due process claim. Plaintiff's attorney states that the complaint cites the Fourteenth Amendment only because the Eighth Amendment is made applicable to the states through the Fourteenth Amendment. O'Donnell Decl. ¶ 6. *See Panetti v. Quarterman*, ___ U.S. ___, 127 S.Ct. 2842, 2848 (2007).

The claims that defendants seek to dismiss, then, are not in fact asserted in the complaint. Accordingly, defendants' motion is denied as moot.

## CONCLUSION

Defendants' motion for judgment on the pleadings (Dkt. #23) is denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
April 9, 2008.